**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**JEFFERY JOHNSON**                                                               **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:21CV-P414-CRS**

**UA KIM THOMPSON** *et al.*                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeffery Johnson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The amended complaint (DN 46)[1] is now before the Court for initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a convicted inmate at the Kentucky State Reformatory (KSR). He sues KSR Warden Anna Valentine; Deputy Warden Cambell; UAs Kim Thompson and Millissa Hall; Major Travis St. Clair; Captain Rohmann; CTOs Ms. Wright and Milacheck; Ms. Ladd; Mr. Billings; Mr. McDonald; Officers Gatton, Edegerton, Penniger, Young, and Goulding; three John Doe maintenance men; Ombudsman John Dunn; Governor Andy Beshear; Attorney General Daniel Cameron; and President Joe Biden. He sues all Defendants in their individual and official capacities.

Plaintiff states that he is housed in Dorm 7 at KSR "with water pouring in the roof when it rains for 5 years water running out of rusted light fixtures & ventilation system rooms flooding and off line and mold everywhere." He represents that an "air quality & mold test" was done

---

[1] By prior Memorandum and Order (DN 41), the Court ordered Plaintiff to file an amended complaint on the Court's approved § 1983 form and directed that the amended complaint would supersede the original complaint, the motions to amend, and any other filings purporting to add claims.

"by a independent contractor in Feb 2021 failed none of the Defendants took action to abate the cruel conditions in fact all they have done is put out buckets for years to catch some of the water their molded ceiling tiles . . . ." He also asserts that "the warden is even on camera in A & B wing with the buckets out to catch the water and did nothing."

Plaintiff maintains that "the most disturbing part is the bleeding sours all over my body & pain issues Im having from the mold exposure for years. Im now having Level 2 mold exposure system & Level 3 is death." He states that he was recently diagnosed by Dr. Lyons with "follealites she spelt it bacteria fincoydine witch is high level mold exposure" and that a nurse "told me many peopl in Dorm 7 are suffering from bleeding sours, rashen, nurological problems ect from Dorm 7 so officals know and still reclessly endanger my life."

Plaintiff also states that he is being housed with "mentally ill people." He maintains that the Constitution "forbids housing mentally ill & non mentally ill people together to do so violates the rights of both groups and its cruel & causes the intentional inflection of emotional distress & pain & suffering on both groups."

Plaintiff asserts that the Constitution "requires prison officals with knowledge of cruel conditions or serious risk must take action to abate it and KSR officials have not and intentiencly allowed me to suffer for years UA Millisa Hall even went as far as to tell inmate Harris on the painting crew to paint over the mold." He states, "The Constitution requires prision & jail officals to provid reasonably safty for prisoners they must protect them from unreasonable hazardous living & working conditions and Warden Valentine, Major Travis St. Clair, Captin Rohmann Deptey Warden Cambell have not."

Plaintiff further asserts that Defendants Thompson and Hall "are in charge of Dorm 7 while they and other supervisors in Dorm 7 order officers to put buckets out on camera to catch

some of the water pouring out the leaking roof rusted light fixtures and even go as far as inmates paint over the mold." He also states that Defendants Milecheck and Wright are "both supervisors and case workers" and that their "offices flooded with water so they just moved to another office in Dorm 7 and took no action to abate the cruel conditions and left me to suffer." Plaintiff next asserts that Defendants Billing, McDonald, and Ladd "run the Phenox program in Dorm 7 daily and just walk around the bucket catching the water pouring in . . . and take no action to abate it." He also states that Defendants Officers Gatton, Edegerton, Young, Penniger, and Goulding "did nothing to abate the situation all they did is put buckets out on camera for years." He states that Defendant Gatton "is now head of fire safety & water still runs out of the rusted light fixtures." Plaintiff also reports that another inmate has the same bleeding sores on his body that he does.

Plaintiff states that he "notified Attorney General Daniel Camerson 2 times in the beginning of 2021 & also Gov Andy Beshear & President Joe Biden and sent them copys of my grievances as well as none of them took any action to abate the suffering and cruel conditions in Dorm 7 at KSR."

As relief, Plaintiff seeks compensatory and punitive damages; "health care paid for rest of my life"; and a "500 million dollar donation to the Wounded Warriers Prodject."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

*A. Official-capacity claims*

Plaintiff sues all Defendants in their official capacities. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). State officials or employees sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state officials or employees sued in their official

capacities. *Kentucky v. Graham*, 473 U.S. at 169. Because all Defendants except Defendant Biden are Kentucky state officials or employees, the official-capacity claims against them must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

Likewise, a claim against Defendant Biden in his official-capacity is a claim against the United States. The United States as a sovereign is generally immune from suit, *United States v. Sherwood*, 312 U.S. 584, 586 (1941), and this immunity extends to claims against government agents acting in their official capacities. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). Accordingly, Plaintiff's official-capacity claim against Defendant Biden will also be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

## B. Individual-capacity claims

### 1. First, Fifth, and Fourteenth Amendment claims

Plaintiff allege violations of the First, Fifth, and Fourteenth Amendments. The Court cannot discern any facts in the amended complaint to support a claim under the First or Fifth Amendments. Moreover, the Fourteenth Amendment protects pretrial detainees from cruel and unusual punishment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Since Plaintiff is a convicted inmate, the Eighth Amendment applies to him claims. *Id.* Therefore, Plaintiff's claims under the First, Fifth, and Fourteenth Amendments will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Claims regarding housing

Plaintiff alleges a constitutional violation based on being housed with "mentally ill people." Prisoners do not have a constitutional right to be incarcerated in a particular facility or

a particular part of the facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976). Moreover, there is no constitutional prohibition on housing mentally ill inmates with non-mentally ill inmates as Plaintiff suggests. Accordingly, Plaintiff's claim concerning being housed with "mentally ill people" will be dismissed for failure to state a claim.

### 3. Claims regarding mold exposure

The Court construes Plaintiff's amended complaint as alleging claims for deliberate indifference to his safety under the Eighth Amendment based on the presence of mold in his dorm causing him injury. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each

defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

Plaintiff alleges no personal involvement by Defendants Beshear, Cameron, Biden, or Dunn in the acts about which he complains. It seems that his claims against these Defendants are based on his belief that they have supervisory authority over other Defendants and failed to act upon his complaints. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act. *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). Therefore, Plaintiff's claims against Defendants Beshear, Cameron, Biden, and Dunn will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff alleges no facts which would allow the Court to draw the inference that the corrections officer Defendants, the three Defendants who run the "Phenox" program, or the John Doe maintenance workers have any authority to direct that mold be abated from Plaintiff's dorm. Therefore, the claims against Defendants Gatton, Edegerton, Penniger, Young, Goulding, Ladd, Billings, McDonald, and the three John Doe maintenance men will be dismissed for failure to state a claim upon which relief may be granted.

The Court will allow Plaintiff's Eighth Amendment claims for deliberate indifference to his safety based on his exposure to mold causing him injury to continue against Defendants Valentine, Cambell, Thompson, Hall, St. Clair, Rohmann, Wright, and Milecheck in their individual capacities.  In doing so, the Court passes no judgment on the claims' merit or ultimate outcome.

However, Plaintiff's request for relief in the form of a "500 million dollar donation to the Wounded Warriers Prodject" will be dismissed for failure to state a claim.  Even if Plaintiff should prevail in this action, the Court has no authority to award relief to a third party.

## IV.  CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Beshear, Biden, Cameron, Dunn, Gatton, Edegerton, Penniger, Young, Goulding, Ladd, Billings, McDonald, and the three John Doe maintenance men and his claim for a donation to be made are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  The **Clerk of Court shall terminate** these Defendants as parties to the action as no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:   January 20, 2022

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.010

9