UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEFFERY JOHNSON                                                          PLAINTIFF

vs.                                                 CIVIL ACTION NO. 3:21-CV-414-CRS

KIM THOMPSON, et al.                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on the motion for summary judgment filed by Defendants
Kim Thompson, Anna Valentine, Phillip Campbell, Travis St. Clair, David Rohmann, Milissa
Hall, Megan Wright, and Gina Milacheck.  DN 72.[1]  The motion is ripe for adjudication.  For the
following reasons, the Defendants' motion will be granted.

## I.  BACKGROUND

Plaintiff Jeffery Johnson is a convicted inmate of the Kentucky Department of Corrections
(KDOC) and was formerly housed at the Kentucky State Reformatory (KSR).  *See* DN 109-1.
Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil rights action (DN 1), and subsequently the
Court ordered him to file an amended complaint and include additional claims.  DN 41.  Johnson
filed an amended complaint listing twenty-two defendants in the action.  DN 46.  Following initial
review under 28 U.S.C. § 1915A, several claims were dismissed.  DN 52.  The Eighth Amendment
individual capacity claims against Valentine, Campbell, Thompson, Hall, St. Clair, Rohmann,
Wright, and Milacheck remain.  DN 52.

---

[1] Defendants' motion was styled as a "motion to dismiss/motion for summary judgment."  DN 72.  Because the
Court will consider matters outside the pleadings in ruling on the motion, the Court will treat the motion as a motion
for summary judgment.  DN 105, at PageID # 999; *see* Fed. R. Civ. P. 12(d).

Johnson's Eighth Amendment deliberate indifference to health and safety claim stems from the presence of mold and water damage from a leaking roof in a KSR Dorm Seven.  DN 46, at PageID # 344.  Johnson avers that the mold made him ill and led him to develop skin wounds, which caused him pain.  *Id.* at 349.  Defendants now move for summary judgment, contending that Johnson failed to exhaust his administrative remedies.  DN 72-1, at PageID # 485.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden to establish the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  That burden may be satisfied only by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish . . . a genuine dispute."  Fed. R. Civ. P. 56(c)(1).  If the movant will bear the burden of proof on the issue at trial, *"the plaintiff on a claim for relief or the defendant on an affirmative defense[,] his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."*  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984)) (emphasis omitted). Once the moving party has met his burden, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).  Statements in a verified complaint based on personal knowledge or in an unsworn declaration conforming to the statutory form may be treated like an affidavit.  28 U.S.C. § 1746; *Williams v. Browman*, 981 F.2d 901, 904–05 (6th Cir. 1992).

In undertaking this analysis, the Court must view the evidence "in the light most favorable to the" nonmovant. *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). But "[e]vidence suggesting a mere possibility is not enough to get past the summary judgment stage." *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A *pro se* plaintiff must adhere to the requirements of Rule 56. "The liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (internal citations omitted).

## III. DISCUSSION

Defendants contend that Johnson failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has emphasized that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 918–19, 166 L. Ed. 2d 798 (2007).

The PLRA requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). The

3

Supreme Court has explained that "to properly exhaust administrative remedies prisoners must 'complete the administrative process in accordance with the applicable procedural rules,' . . . rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* Therefore, to properly exhaust the prisoner must "compl[y] with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). The exhaustion requirement "gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. The Sixth Circuit has held that "[r]equiring inmates to exhaust prison remedies in the manner the State provides . . . prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation in the process." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010). Failure to exhaust administrative remedies is an affirmative defense. *Jones*, 549 U.S. at 216.

Johnson has identified a KDOC inmate grievance form filed on February 23, 2021, grievance #21-0127, that relates to the water leak and the deliberate indifference to health and safety claim. DN 109-1, at PageID # 1030. The grievance identified "Warden Valentine, Deputy Warden Cambell, Ms Tompson, Ms Hall" as being "at fault and liable." *Id.* Grievance #21-0127 included the statement: "so go ahead & make this grievance non grievable like you do all the rest ASAP so we can move on to federal court." *Id.* at 1031. A "Grievance Rejection Notification" was provided to Johnson on March 2, 2021, stating that grievance counselor James Holcomb deemed the grievance non-grievable. *Id.* at 1028. The notification stated that the grievance had been rejected because it "contain[ed] inappropriate language" and because it contained: "1. Too

many issues. Grievances are to be simple and focused. 2. Excessive opinion, theories, speculation. 3. Unneeded information.  List of places grievances sent to? What does that have to do with anything?" *Id.*

Kentucky Corrections Policies and Procedures (CPP) policy number 14.6 details the inmate grievance procedure in effect at the time Johnson filed grievance # 21-0127.  DN 72-2, at PageID # 494–520 [hereinafter CPP 14.6]. [2]  The policy involves a four-step grievance procedure, and the first step is "filing the grievance and informal resolution."  CPP 14.6(II)(J)(1).  This step requires that "[a] grievance shall pertain to one issue."  CPP 14.6(II)(J)(1)(a)(3).  This step also requires that a "grievant shall not use vulgar or abusive language that is unnecessary to explain the grievance.  If the grievant uses this type of language the grievance may be rejected by the Grievance Coordinator as failing to comply with this procedure."  CPP 14.6(II)(J)(1)(a)(5).  A grievance may be rejected for failure to comply with the grievance policy requirements.  CPP 14.6(II)(J)(1)(a)(11).

Defendants argue that grievance # 21-0127 failed to comply with the CPP because it pertained to more than one issue, used inappropriate language, and contained unneeded information. DN 72-1, at PageID # 484.  Johnson did not appeal the rejection to the Ombudsman or Warden or file a new grievance in compliance with the CPP.  *Id.*  Defendants additionally argue that Johnson, who admitted his grievance was "non-grievable" in the grievance itself (DN 109-1, at PageID # 1031), should not be "permitted to skirt the administrative process by knowingly submitting a non-grievable grievance."  DN 110, at PageID # 1087.  Johnson did not comply with KDOC grievance procedures and did not exhaust the available appeals.  His administrative

---

[2] This version of CPP 14.6 was in effect on February 23, 2021, when Johnson's grievance was filed, "and remained in effect until a subsequent version of CPP 14.6 was promulgated and went into effect" on May 24, 2021.  DN 72-2, at PageID # 491.

remedies were not properly exhausted for this claim.  *See Woodford*, 548 U.S. at 94.  The Court finds Defendants have satisfied their burden of establishing Johnson's failure to exhaust his administrative remedies before initiating this action.

    The burden now shifts to Johnson to identify specific facts indicating a genuine issue of material fact.  Johnson argues that "once a grievance is marked non-gr[eiv]able it can not be taken any furt[h]er." DN 109, at PageID # 1013.  Johnson states that grievance counselor Holcomb gave Johnson a copy of the grievance policy and circled CPP 14.6(II)(J)(1)(13) & 14.6(II)(K)(1)(a)(8).[3] DN 109-1, at PageID # 1032; DN 109-2, at PageID #1042, 1050.  These provisions state that a grievance may be rejected if it "does not comply with the grievance process requirements."  DN 109-2, at PageID # 1042, 1050.  CPP 14.6(II)(J)(1)(13) also states "[u]pon directive from the Corrections Ombudsman, a grievance shall be reinstated if it is found to be rejected improperly." DN 109-2, at PageID # 1043.  Neither provision supports the contention that administrative remedies are exhausted when a grievance is rejected.

    Johnson filed a statement with his response, signed under penalty of perjury, stating that Holcomb  "told me this was the only process we have and once a grievance is marked non-grievable its complete and can be taken no furt[h]er & [therefore] is ex[h]austed."  DN 109-1, at PageID # 1032.  In an affidavit, Holcomb states he "did not" tell Johnson that he "completed and exhausted all administrative remedies."  DN 96-1, at PageID # 968.  Holcomb states: "I told [Johnson] that from my understanding of the CPP that if I deem a grievance to be [non grievable], that the only thing he could do would be to write to Ombudsman John Dunn." *Id.*  Viewing the

---

[3] This version of the CPP 14.6 produced by Johnson has an effective date of July 20, 2021.  DN 72-2, at PageID # 492; DN 109-2.  The circled provisions are identical to CPP 14.6(II)(J)(1)(11) & 14.6(II)(K)(1)(a)(8) in the version of CPP 14.6 that was in effect at the time Johnson filed his grievance.  *See* DN 72-2, at PageID # 502, 509.

facts in the light most favorable to Johnson, he has failed to demonstrate a genuine issue of material fact that the rejection of his grievance exhausted his administrative remedies.

Johnson also argues that because the grievance was marked non-grievable "I was denied access of the process and rendering it un[o]btainable and ex[h]austion of the fraudulent policy and procedures is not required."  DN 109, at PageID # 1022.  Johnson cites to *Walker v. Michigan Department of Corrections*, where the Sixth Circuit held that if "a grievance officer improperly dismissed a non-frivolous claim . . . [Plaintiff] could then petition a  court for redress." 128 F. App'x 441, 446 (6th Cir. 2005).  To petition the court for redress, the claim must have been "improperly dismissed."  *Id.*  Johnson has not made a cognizable argument that his grievance was improperly rejected for failure to comply with CPP 14.6.

Johnson points to the proposition in *Tillis v. Lamarque* that "[i]n determining whether a claim has been exhausted, a court must consider whether a reasonable investigation of the complaint would have uncovered the allegations now before it."  No. C 04-3763 SI, 2006 WL 644876, at *7 (N.D. Cal. Mar. 9, 2006).  Yet in *Tillis*, the Northern District of California found that the plaintiff had not exhausted his claim because he failed to appeal.  *Id.*  The court  held that "if there is some remedy still available through the administrative process, a prisoner must exhaust his opportunities to appeal."  *Id.*  Thus, even if an investigation would have uncovered the allegations in the grievance, an inmate is required to use all steps of the administrative process to exhaust the claim under the PLRA.  Proper exhaustion requires that an inmate exhaust his remedies in the manner provided in his institution's administrative process.  *Reed-Bey*, 603 F.3d at 324. Johnson has not produced evidence of a genuine issue of material fact on the issue of administrative exhaustion.

Johnson also alleges in his response that the current CPP 14.6 is fraudulent and violates Kentucky Revised Statutes (KRS) 13A.130. DN 109, at PageID # 1017–20. Johnson's claims do not relate to whether CPP 14.6 violates KRS 13A.130, and this argument was not raised before his response to Defendants' motion for summary judgment. A party cannot assert new claims in response to a motion for summary judgment. *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) ("To the extent [the plaintiff] seeks to expand its claims to assert new theories, it may not do so in response to summary judgment or on appeal."). Therefore, these contentions are not considered.

## IV. CONCLUSION

Defendants have demonstrated Johnson's failure to exhaust his administrative remedies and are entitled to judgment as a matter of law. Defendants' motion for summary judgment will be granted. A separate order will be entered in accordance with this opinion.

March 14, 2023

Charles R. Simpson III, Senior Judge
United States District Court