UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:21-CV-414-CRS

JEFFERY JOHNSON,
also known as Anthony Cain,                                                                    PLAINTIFF

v.

KIM THOMPSON, *et al.*                                                      DEFENDANTS

## OPINION & ORDER

*Pro se* plaintiff Jeffery Johnson (a/k/a Anthony Cain), then an inmate at the Kentucky State Reformatory, alleged that Defendants were deliberately indifferent to his health and safety by (1) exposing him to mold at the Reformatory and (2) housing him in a prison dorm with "mentally ill people." Amend. Compl., DN 46. The court dismissed most of the claims on initial review, 1/25/2022 Mem. Op. & Ord., DN 52, and on March 15, 2023, the court entered a summary judgment in Defendants' favor because Plaintiff failed to exhaust his administrative remedies, 3/15/2023 Mem. Op., DN 121; 3/15/2023 Order, DN 122. Thus, this is a closed case. Now, this matter is back before the court because Plaintiff moves it to reinstate this case, DN 125, change the caption of this case, DN 124, and mail him a copy of the docket sheet, DN 126.

First, the court will consider Plaintiff's Motion to reinstate this case. DN 125. On its face, the Motion does not rest upon any legal authority. *See id.* However, the court construes his Motion as one brought pursuant to Rule 60(b) for relief from a final judgment or order. Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A party seeking relief under Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Plaintiff offers two reasons why this case must be "immediately reinstated":

1. The Calloway County Jail's staff allegedly committed mail fraud.

2. 100 "mentally ill Kentuckians" allegedly were tortured and abused because of Governor Andy Beshear and President Joseph Biden's purported "Don't Ask Don't Tell Policy."

Motion to Reinstate, DN 125 at PageID# 1161.

Neither allegation fits within Rule 60(b)'s first five provisions.[1] Therefore, Plaintiff's allegations can only fit within Rule 60(b)'s catch-all provision, which provides that a court may grant a party's motion for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Notably, "courts must apply Rule 60(b)(6) relief only in unusual and extreme circumstances where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Plaintiff's construed Rule 60(b) Motion is deficient for three reasons. First, the Motion does not advance any unusual or extreme circumstances mandating relief from the court's prior final Order. *Id.* Second, it is unclear how either allegation advanced in the Motion relates to the court's prior final Order. *See* 3/15/2023 Mem. Op., DN 121; 3/15/2023 Order, DN 122. Third, the Motion is unsupported by evidence or legal authority. *Info-Hold*, 538 F.3d at 454 (Rule 60(b)

---

[1] Although Plaintiff alleges mail fraud, said fraud is not alleged to have been committed by the defendants in this action. *See* FED. R. CIV. P. 60(b)(3).

movant bears the burden of establishing grounds for relief "by clear and convincing evidence"). In short, the Motion is frivolous.[2] Consequently, Plaintiff's construed Rule 60(b) Motion, DN 125, will be denied.

Plaintiff's remaining Motions will be denied, too. His Motion, DN 124, to change this closed case's caption will be denied because there is no need to do so. The fact that a party's legal name is changed after the conclusion of a civil case is usually immaterial to the inactive, closed case. A contrary rule would require the captions of long inactive, closed cases (like this one) to be updated anytime a party's legal name is changed, say by marriage. Such a rule would be impractical and serve no meaningful purpose. Also, Plaintiff's Motion, DN 126, for a copy of the docket sheet will be denied because he has not demonstrated a need for one. Plaintiff is responsible for keeping track of filings just as any other litigant.

Accordingly, Plaintiff's Motions, DN 124; DN 125; DN 126, are **DENIED**. Given the frivolous nature of his recent filings, **Plaintiff is WARNED that future filings in this closed action may result in sanctions being entered against him, including filing restrictions.**

IT IS SO ORDERED.

June 20, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of Record

---

[2] "A motion is frivolous and a violation of the Federal Rules of Civil Procedure when it is factually and legally unsupported." *RDI of Michigan, LLC v. Merit Industries, Inc.*, 2012 WL 13009105, at *4 (E.D. Mich. Jan. 12, 2012).